IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

   Plaintiff,

    v.

$21,000.00 IN UNITED STATES
CURRENCY,

   Defendant.

Civil Action No. 2:21-CV-835

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel Stephen R.

Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and David

Lew, Assistant United States Attorney for the Western District, and respectfully represents as

follows:

  1.  This is a civil action *in rem* for forfeiture to the United States of $21,000.00 in

United States currency, delineated by asset identification number 21-DEA-673553 (the

"Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6).

  2.  Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355. Venue is proper

under 28 U.S.C. §§ 1395 and 1355.

  3.  On January 21, 2021, Task Force Officers ("TFOs") from the Drug Enforcement

Administration (the "DEA") interdicted a suspicious FedEx parcel (the "Subject Parcel") at the

FexEx distribution center in Moon Township, Pennsylvania.

  4.  The TFOs observed that the Subject Parcel possessed characteristics consistent

with the shipment of illegal narcotics and/or proceeds.

5. The Subject Parcel was shipped via "First Overnight."   This is common among individuals sending narcotics and/or proceeds to limit exposure to law enforcement.

6. Additionally, when a parcel is sent "First Overnight," the sender can track the parcel in real time, a feature used frequently by drug traffickers.

7. The Subject Parcel was addressed to "Alvin Boatright" at 1660 Rockwood Street, Los Angeles, CA 90026, with a return address of "Mr. Boatright" at 6912 Bennett Street, Pittsburgh, PA 15208.

8. California is a known source state for illegal narcotics being sent to the Western District of Pennsylvania and a state where proceeds of narcotics trafficking are commonly sent to.

9. TFOs conducted a search of law enforcement databases, which revealed that the recipient address of 1660 Rockwood Street, Los Angeles, CA 90026 was not associated with "Alvin Boatright" or anyone with a last name of "Boatright."   Additionally, this location was found to be the address of "Angel Guardian Home," a shelter for homeless women with mental disabilities.

10. The search of law enforcement databases further revealed that the return address of 6912 Bennett Street, Pittsburgh, PA 15208 was not currently associated with anyone having the last name "Boatright."

11. Narcotics traffickers sending narcotics or proceeds will often list a false return address or use a fictitious sender's name to avoid identification by law enforcement.

12. Based on the foregoing, the Subject Parcel was transported to the DEA Interdiction Office at Pittsburgh International Airport.   Upon arrival, the Subject Parcel was

subjected to examination by a trained narcotics detection canine, which alerted on the Subject

Parcel, indicating the odor of controlled substances.

13.     A state search warrant was obtained for the Subject Parcel, which was executed

on January 22, 2021.

14.     Upon opening the Subject Parcel, TFOs observed that it was packed with shipping

paper that was used to stabilize a dense block of green cellophane.   The cellophane covered a

silver Mylar bubble-wrapped envelope.   Within the Mylar bubble wrap was another block of

green cellophane.   Within this green cellophane, TFOs located a large amount of U.S. currency,

later determined to total $21,000.00 (the "Defendant Currency").   The manner in which the

Defendant Currency was packaged is consistent with the practice of narcotics traffickers who

attempt to minimize drug odor and prevent x-ray identification of a package's contents.

15.     The currency consisted of 21 bundles held together with rubber bands and was

comprised of (34) $100 dollar bills, (12) $50 dollar bills, (803) $20 dollar bills and (94) $10

dollar bills.   These well-circulated bills are consistent with proceeds generated by drug

trafficking.

16.     No notes, receipts, or instructions were located in the Subject Parcel.   Individuals

who traffic in controlled substances rarely include such documents with proceeds, in contrast to

individuals conducting legitimate business.

17.     Based on the above, DEA investigators determined that the Defendant Currency

was intended to be furnished in exchange for a controlled substance and/or represented proceeds

of unlawful drug transactions.   The Defendant Currency was therefore seized pursuant to 21

U.S.C. § 881(a)(6).

18.     Following the seizure, the DEA instituted administrative forfeiture proceedings against the Defendant Currency.   An individual identifying himself as "Alvin Boatright" filed a claim for the Defendant Currency in the administrative forfeiture proceedings.

19.     Investigators determined that Alvin Boatright was also known as "Zaid Abdul Wakil" ("Wakil") and that he had previously been convicted of drug offenses and is currently on supervised release.

20.     Investigators also learned that on or around April 22, 2021, Boatright was arrested by the Los Angeles Police Department at Los Angeles International Airport for attempting to fly under a fictitious name.

21.     Because a claim was filed in the administrative forfeiture proceedings, the United States has instituted this civil forfeiture action against the Defendant Currency.

22.     Based on the foregoing, the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it was furnished or intended to be furnished in exchange for a controlled substance and/or constitutes proceeds traceable to an exchange for a controlled substance and/or was intended to be used to facilitate any such violation of the Controlled Substances Act.

WHEREFORE, the United States respectfully requests that process of warrant *in rem*

issue for the arrest of the Defendant Currency; that Judgment of Forfeiture be entered in favor of

the United States for the Defendant Currency; and that the United States be granted such relief as

this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

*/s/ David Lew*
DAVID LEW
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7482 (tel)
412-644-2644 (fax)
david.lew@usdoj.gov
PA ID No. 320338 (AFF)

## VERIFICATION

I am a Task Force Officer for the Drug Enforcement Administration and the case agent

assigned to this case. I have read the contents of the foregoing complaint for forfeiture, and the

statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 25 day of JUNE , 2021.

David R. Williams, TFO
Drug Enforcement Administration

6